GALLIAN, WESTFALL, WILCOX & WELKER
**Michael I. Welker #7447**
**Bryan R. Kohler #8835**
Attorney for Plaintiff
59 South 100 East
St. George, UT 84770
Telephone: (801) 628-1682

FILED
CLERK U.S. DISTRICT COURT
29 APR 02 PM 3: 43
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT IN AND FOR

THE DISTRICT OF UTAH

CIVIL DIVISION

| | |
|---|---|
| JARED OSCARSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>REDCLIFF ASCENT, INC., ASCENT, INC.<br>JOHN & JANE DOES I thru V, and<br>CORPORATIONS X, Y, & Z.<br>　　　　　Defendants. | **COMPLAINT**<br><br>**2:02CV- 348 G**<br><br>Case No.<br>Judge |

Plaintiff, for his complaint against Defendants, avers as follows:

1. Jared Oscarson ("Plaintiff") is a resident of Clark County, Nevada.

2. Redcliff Ascent Inc. and Ascent, Inc. (Collectively, "Redcliff") are corporations registered and doing business in Utah.

3. Redcliff's employees were, at all times complained of herein, acting within the course and the scope of their employment. Thus, Redcliff is liable for all acts of its employees complained of herein under the doctrine of Respondeat Superior.

4. The events giving rise to this cause of action took place in Utah.

1

5. Fictitious Defendants John Does and Jane Does I thru V and Fictitious Corporations X, Y & Z are those parties, whose identities currently are unknown to Plaintiff, who may have caused or contributed to the conduct complained of herein. When the true names of those fictitious defendants are discovered they will be substituted into this complaint accordingly.

6. Jurisdiction of this Court is proper under USC §28-1332 because there is complete diversity between Plaintiff and Defendants, and Plaintiff has suffered damages described herein in excess of $75,000. Venue is proper in the District of Utah.

7. During the time of the acts complained of, Redcliff was licensed by the State of Utah to provide outdoor therapy and evaluation for adolescents ranging from 13 to 18 years of age.

8. During the time of the acts complained of, Plaintiff was a minor enrolled in and under the care and supervision of the Redcliff Ascent Therapy Program (operated by Redcliff) and was being supervised by Redcliff's staff, which included trained wilderness experts, fully knowledgeable in CPR, first aid, and wilderness survival. Certain staff members of Redcliff at the time of the acts complained of were also certified as Emergency Medical Technicians as well as First Responders.

9. During the time of the acts complained of, Redcliff was in the business of training and caring for youth while on outdoor expeditions, which were monitored 24 hours a day through radio transmission from Redcliffs' base station in St. George, Utah. Expedition leaders in Redcliff's program were required to radio into the base office two to three times a day for location coordinates and condition status.

2

10. At all times during the events complained of herein, Plaintiff was under Redcliff's care on an extended outdoor expedition in Southern Utah.

11. On or about the evening of November 1 and proceeding into the morning hours of November 2, 2000, Plaintiff experienced interrupted sleep due to severe stabbing pain in the lower abdomen. Plaintiff's symptoms continued and worsened throughout the day on or about November 2, 2000.

12. During this time, Plaintiff complained about excruciating pain in the lower abdomen but was not assessed by Redcliff's staff. Instead, Plaintiff was made to hike five (5) miles as his symptoms continued to worsen.

13. On or about the night of November 2 and early morning of November 3, 2000, Plaintiff continued to complain to Redcliff's staff as the severe visceral pain continued. During that time Plaintiff experienced severe nausea, fever, dizziness, and discoloration.

14. Redcliff's staff dismissed Plaintiff's complaints, refused to provide medical care or transport him to a medical professional, and simply administrated Mylanta gas pills without assessing Plaintiff's symptoms.

15. On or about November 3, 2000 while Plaintiff's symptoms continued to worsen, Redcliff's' staff required Plaintiff to hike in treacherous terrain, causing Plaintiff's condition to exacerbate to the point that Plaintiff became severely dehydrated, feverish, dizzy, nauseous, and disoriented. During the hike, Plaintiff fell to the ground.

16. On or about the evening of November 3, 2000, Plaintiff's condition continued to worsen, but he was sent to bed without being properly assessed, transported, or referred to medical treatment.

17. On or about November 4, 2000, Plaintiff was transported to the emergency room at Valley View Hospital in Cedar City, Utah. Plaintiff later was life flighted to the University Medical Center in Las Vegas, Nevada, where he was listed in critical condition and diagnosed with a ruptured appendix with severe and life threatening complications which required major surgery and extended hospital care.

## FIRST CAUSE OF ACTION - NEGLIGENCE

18. Plaintiff realleges and incorporates by reference each and every one of the allegations in paragraph 1 through 17 above.

19. Redcliff stood *in loco parentis* to Plaintiff and had a duty to exercise reasonable care in the supervision, care, and treatment of Plaintiff to the same degree that a caring and concerned parent would exercise.

20. Redcliff's staff owed a heightened duty of care commensurate with the specialized training that they had received.

21. Redcliff and its staff breached their duty of care by failing to evaluate, treat, or report Plaintiff's serious medical condition in a timely manner, in gross dereliction of their responsibility as temporary parental custodians of Plaintiff.

22. Redcliff's and its employees' breaches of duty were the actual and proximate cause of Plaintiff's injuries, which include but are not limited to exacerbation of and complications from acute appendicitis and a ruptured appendix, and disfigurement.

23. As an actual and proximate result of Redcliff's and its staff's negligence, Plaintiff was required to and did employ physicians, surgeons and other medical personal for examination, treatment, and care of his injuries. Plaintiff did thereby incur substantial medical and incidental expenses.

24. As a direct and proximate result of Redcliff's and its staff's negligence, wantonness and recklessness, Plaintiff suffered a degree of permanent impairment and will incur further medical and incidental expenses.

25. As a direct and proximate result of Redcliff's and its staff's negligence, wantonness, and recklessness, Plaintiff was unable to work for wages for a lengthy period of time and suffered a loss of expected earnings while he underwent medical treatment and recuperated from his injuries.

## SECOND CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff realleges and incorporates by reference each and every one of the allegations in paragraph 1 through 25 above.

27. Defendants should have realized that their conduct involved an unreasonable risk of causing emotional distress to Plaintiff.

28. From facts known to them, Defendants should have realized that the distress caused to Plaintiff might result in illness, bodily harm, or exacerbated symptoms.

29. Plaintiff was placed in danger as a direct and proximate result of Defendants' negligent wanton conduct and breaches of duty, and Plaintiff suffered severe distress with physical symptoms as a direct and proximate result of Defendants' negligent and wanton conduct.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

30. Plaintiff realleges and incorporates by reference each and every one of the allegations in paragraph 1 through 29 above.

5

31. Upon entering Redcliff's outdoor program, Plaintiff's parents and Redcliff entered into a contract for the benefit of Plaintiff which specified that Redcliff would stand *in loco parentis* to Plaintiff and that Redcliff and its staff would provide all necessary care and supervision for him to the same degree that a loving and concerned parent would provide.

32. Redcliff breached said contract by failing to properly examine, treat, report or otherwise respond to and care for Plaintiff's appendicitis.

33. Redcliff' breach of said contract was the actual and proximate cause of Plaintiff's physical injuries and damage, and consequential damages such as past medical expenses, future medical expenses, impairment, and lost wages.

## CONCLUSION

WHEREFORE, Plaintiff request judgment against Defendants, jointly and severally as follows:

A. As to the First and Second Causes of Action:

1. For general damages for pain and suffering and lost quality of life, in amounts to be proved at trial;

2. For consequential, incidental, and special damages that Plaintiff has suffered, including but not limited to past and future medical expenses and lost wages, in amounts to be proved at trial;

3. Pursuant to Utah Code Annotated §78-27-44, for prejudgment interest at the legal rate from the date of Plaintiffs' injuries until paid;

4. For costs accrued and accruing;

5. For post-judgment interest at the legal rate; and

   6. For such other and further relief as the court deems just under the circumstances.

B. As to the Third Cause of Action:

   1. For consequential, incidental, and special damages in amounts to be proved at trial;

   2. For the contract price;

   3. For reasonable attorney fees as may be provided by contract;

   4. For prejudgment interest at the legal rate;

   5. For costs accrued and accruing;

   6. For post-judgment interest at the legal rate; and

   7. For such further relief as the court deems just.

DATED this _25_ day of April, 2002.

_____
Bryan R. Kohler
Of and for
GALLIAN, WESTFALL, WILCOX & WELKER, L.C.

Attorney for Plaintiff

7